López, Plaintiff and Appellee, v. Central Eureka, Inc.,
Defendant and Appellant.

Appeal from the District Court of Mayagüez in an Action
of Unlawful Detainer.

No. 1694.—Decided April 4, 1919.

Unlawful Detainer — Lease — Purchase of Leased Property. — If the pur-
chaser of a leased property when the lease is not recorded in the registry
of property does not promise to respect the lease, although he may have
knowledge of it he is not bound by the terms of the lease and may bring
an action of unlawful detainer against the lessee in case the latter refuses
to surrender the property to him.

The facts are stated in the opinion.
*Mr. Pascasio Fajardo Martínez* for the appellant.
*Messrs. Feliú & Alemañy* for the appellee.

Mr. Justice del Toro delivered the opinion of the court.

Enrique López Delgado brought an action of unlawful
detainer in the District Court of Mayagüez against the Cen-
tral Eureka. He alleged that he was the owner of a certain
property of which the defendant was in possession at suf-
ferance without paying any rent or other consideration.

The defendant demurred to the complaint on the ground
that it did not state facts sufficient to constitute a cause of
action and also answered with a general and specific denial
of each and all of the facts stated in the complaint and with
the allegation that it was in possession of the property in
question under a valid contract of lease.

The case went to trial and on October 28, 1918, the court
entered judgment for the plaintiff. The defendant then took
this appeal.

In its opinion the trial court held that the complaint con-
tained all the material allegations necessary to support the
action. It then held that the evidence of the plaintiff was
sufficient to make out his case. And, finally, analyzing the
evidence of the defendant, it came to the conclusion that the
said evidence was not sufficient to show that the property
referred to in the lease was the property claimed by the

plaintiff, but that, supposing it were, as the said lease was not recorded in the registry and the plaintiff had no knowledge of it, or even if he had he was not obliged to respect it because he never accepted that obligation, he could maintain the action of unlawful detainer under the provisions of the Unlawful Detainer Act.

Reduced to its proper scope, this case involves solely the construction and application of sections 1452 and 1474 of the Civil Code.

While married Margarita del Carmen Font y Martelo acquired two small properties in the valley of Cabo Rojo, and in 1911, being a widow, leased them to Julio P. Castro for the period of ten years. Castro subleased them to the defendant. The contract of lease was presented in the registry and refused admission to record on July 10, 1918, a cautionary notice being entered instead.

On July 2, 1918, the heirs of Margarita and of her husband appeared before a notary public and sold the two properties in question to the plaintiff. The following appears in the deed:

"E. The vendors convey to the vendee the right of possession given to him by virtue of this deed; but it shall be for the account and action of the vendee to obtain the material possession of the real property involved in this contract, inasmuch as the vendors state that three or four days ago they were notified by Mateo Fajardo Cardona, President of the Central Eureka, Incorporated, that the predecessor of Matilde Margarita del Carmen Font y Martelo made a contract of lease with Julio P. Castro whereby the latter had taken possession as lessee of a certain rural property belonging to the said predecessor and that the said Castro had subleased the said real property to the Central Eureka, Incorporated, and that Fajardo Cardona had deposited for them in the municipal court a certain amount of money in payment of the rent due and to become due under the said contract; but the vendors also state that they have refused and will refuse to receive the money, for they never had knowledge of such contract and had in no manner participated in its execution, for which reason they state that they are not bound to acknowledge

or comply with the said contract, nor any other contract entered into with any other person.''

Nowhere in the deed (which was duly recorded in the registry) does it appear that the purchaser bound himself to respect the contract of lease made by Margarita.

Leaving aside the question of whether or not Margarita Font could validly make the contract of lease, and supposing that the property had been leased by the vendor when it was acquired by the plaintiff, we are of the opinion that as the said lease was not recorded in the registry when the sale was made and the vendee had not bound himself to respect it, the trial court correctly sustained the complaint.

Section 1474 of the Civil Code provides that the purchaser of a leased property has the right to terminate the lease in force at the time of the sale, subject to a stipulation to the contrary and to the provisions of the Mortgage Law, and section 1452 of that code provides that with regard to third persons leases of real property which are not duly recorded in the registry of property shall have no effect.

The appellant maintains that the plaintiff is not a third person because he had direct knowledge of the lease, as appears from the deed of sale, and that, therefore, he was under the obligation to respect the said contract although it was not recorded in the registry.

It is not possible to accept that theory. Article 2 of the Mortgage Law provides that contracts for the lease of real property shall be recorded in the registry of property, and it is by virtue of such record that the right arises in the lessee, when the lessor sells the property, to have the purchaser respect his contract under the terms appearing from the registry. If the contract of lease is not recorded, then, unless the contrary has been stipulated, the provision of section 1474, giving the purchaser the right to terminate the lease existing at the time of the sale, remains in full force. The words of the statute show that the legislators had in

mind a case where the purchaser had knowledge of the existence of the contract.

Commenting on section 1571 of the Spanish Civil Code, equivalent to section 1474 of our code, Manresa says:

"In accordance with this doctrine, section 1571 lays down the principle that the purchaser of a leased property has the right to a rescission of the lease that was in force at the time of the sale. The starting point of this theory is the consideration that as the lease is a contract between the lessor and the lessee and as the purchaser is a third person as regards the lease, he cannot be affected by a personal right.

"Evidently, the code has established by this section another cause for unlawful detainer which does not arise from an act or omission of the lessee like the others we have examined, but from the alienation of the ownership by the lessor, which, in creating a new juridical relation, has a positive influence on that formerly existing by reason of the principles upon which each rests and of the common object of both, which is the property leased.

"Before jurisprudence on this article had had time to be formulated, we heard it discussed whether the right conferred upon the purchaser could or could not be exercised in the form of an action of unlawful detainer. We have always maintained the affirmative, because if the right conferred upon the purchaser is the right to terminate a lease so that the property may be entirely at his disposal, the purpose of the action of unlawful detainer can be no other, and if this action lies where the cause appears from a clear and evident fact, notoriously such is the nature of the sale from which the right of the purchaser is derived. There can be, then, no doubt that this is a new cause for unlawful detainer, and that the right of the purchaser must be asserted in this action when the lessee refuses to recognize it voluntarily. Several cases have already gone to the Supreme Court and never has it been denied that that is the proper action.

\*          \*          \*          \*          \*          \*          \*

" 'The provisions of the Mortgage Law.'—These words contained in paragragh 1 of section 1571 establish another exception to the rule that the purchaser has the right to have the lease terminated. The provisions of the Mortgage Law referred to are those contained in paragraph 5 of article 2, i. e., the determination of the cases in which the lease is recordable; consequently it is a real right and

the cases are already known. Also the provision of article 24 of the said law to the effect that recorded instruments shall produce their effects even against creditors specially preferred under the common law.

"The consequence of these provisions is that when a lease recorded in the registry of property is involved it constitutes a real right which, by virtue of its being recorded, produces its effects against third persons. The purchaser, as such third person, is bound by it and, therefore, is deprived of his right to have the lease terminated." 10 Manresa, Spanish Civil Code, 637, 640.

In the case of *Sosa v. Río Grande Agrícola Co., Ltd.,* 17 P. R. R. 1106, this court, in construing and applying said section 1474 of the Civil Code, laid down the following doctrine, which leaves no room for any kind of doubt:

"A lease which is made by means of a document wherein it is not stipulated that the possession of the lessee in case of sale shall be respected has a personal character, and even in the presumption that the purchaser of the leased property had knowledge of the existence of such contract, the nature thereof is not altered and the lessee is bound to vacate the property if so required by the purchaser."

For the foregoing reasons the appeal must be dismissed and the judgment

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.